UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL CASE NO. |
| Plaintiff, | : | 3:08-CR-00004-JCH-3 |
| | : | |
| v. | : | |
| | : | |
| GENERO MARTE, | : | |
| Defendant. | : | FEBRUARY 24, 2015 |

**RULING RE: MOTIONS FOR RECONSIDERATION (DOC. NOS. 1372, 1382)**

On November 4, 2014, the defendant, Genero Marte ("Marte"), filed a pro se Motion Seeking Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 1350). On December 17, 2014, the court entered an Order denying defendant's Motion. Order (Doc. No. 1368). On January 26, 2015, and February 17, 2015, the defendant filed Motions for Reconsideration of the court's December 17, 2014 Order. Defendant's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure – Rule 60(b)(1) ("First Mot. to Reconsid.") (Doc. No. 1372); Motion Pursuant to Rule 33 of the Federal Rules of Criminal Procedure ("Second Mot.to Reconsid.") (Doc. No. 1382).

The standard for granting a motion for reconsideration is strict,[1] and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). A court should not grant a motion for reconsideration

---

[1] Local Rule of Criminal Procedure 1(c) states that motions for reconsideration filed in criminal cases are subject to the Local Rule of Civil Procedure governing motions for reconsideration. D. Conn. L. Cr R. 1(c).

1

where the moving party seeks only to relitigate an issue already decided. See id. In general, granting a motion for reconsideration is only justified if there is an intervening change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

Marte argues that the court erred in concluding that he was ineligible for a sentence reduction under 18 U.S.C. § 3482(c)(2) ("Amendment 782"). First Mot. to Reconsid. at 3. Specifically, he argues that under Amendment 782, his amended guideline imprisonment range should have been calculated as 151-181 months, based on a total offense level is 34 and a criminal history category of I. Id. According to this calculation, the guideline imprisonment range would be lower than his original sentence of 204 months. However, Marte's calculation is incorrect. In determining the amended guideline range, the court must look to "the guideline range that corresponds to the offense level and criminal history category determined . . . before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 comment n.1 (emphasis added). The total offense level found at Marte's sentencing prior to any departure or variance was 42. The court found that the relevant conduct involved 5.6 kilograms of crack cocaine, resulting in a base offense level of 38 pursuant

to § 2D1.1, and found a four level organizer/leader enhancement pursuant to § 3B1.1(a).  While the court then gave a downward variance based on a disparity between crack and powder cocaine in the guidelines, this does not affect the calculation of Marte's amended range.[2]

Applying Amendment 782 results in an amended base offense level of 34 pursuant to § 2D1.1,[3] and a total offense level of 38 after application of the four level organizer/leader enhancement.  The guideline imprisonment range for offense level 38 and criminal history category I is 235-293 months.  Since the low end of this range is higher than the 204 month sentence Marte is currently serving, the court correctly found that he was ineligible for a sentence reduction.  See U.S.S.G. § 1B1.10 app. note 3 (Nov. 1, 2014).

Thus, for the reasons set forth above, Marte's Motions for Reconsideration (Doc. No. 1372 and Doc. No. 1382) are **DENIED**.

**SO ORDERED.**

Dated this 24th day of February, 2015, at New Haven, Connecticut.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[2] In his Second Motion for Reconsideration, Marte now argues that the Sentencing Guidelines violate due process and equal protection in that the court may not take downward departures into account unless they were based on a defendant's substantial assistance to authorities. Second Mot. to Reconsid. at 4.  This argument presents no "intervening change in controlling law, newly discovered evidence, or . . . need to correct clear error or prevent manifest injustice," Virgin Alt. Airways, 956 F.2d at 1255, and as such does not provide a basis for the court to reconsider its prior Order.

[3] A base offense level of 34 applies where the relevant conduct involves at least 2.8 kilograms but less than 8.4 kilograms of cocaine base. USSG § 2D1.1(c)(3).